NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM HOOVER, *on his behalf and on behalf of all others similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> SEARS HOLDING CORPORATION, <br><br> Defendant. | Civ. No. 16-4520 <br><br> **OPINION** |

THOMPSON, U.S.D.J.

    This matter comes before the Court upon the motion by Defendant Sears Holding Corporation[1] ("Defendant") to dismiss the amended complaint and to strike the class allegations, or, in the alternative, to stay the case for further inquiry. (ECF No. 16). Plaintiff William Hoover ("Plaintiff") opposes. (ECF No. 20). The Court has issued the opinion below based upon the written submissions of the parties and without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, Defendant's motions to dismiss, strike, or stay will be denied.

**BACKGROUND**

    This is an action brought pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"). Plaintiff's allegations are as follows: Defendant "bombarded" Plaintiff's cellular telephone with automated, promotional telemarketing text messages without Plaintiff's prior written consent. (Am. Compl. ¶ 2, ECF No. 14). Defendant began sending text messages on October 4, 2015 and continued through June 26, 2016. (*Id.* ¶ 12). Defendant sent

---

[1] Note, Sears Holding Corporation is distinct from Sear stores, which will be mentioned below.

1

Plaintiff approximately 68 text messages.  (*Id.*).  The text messages were "fully automated" and "not individualized to Plaintiff in any way."  (*Id.* ¶ 15).  "The exact same text messages were automatically sent to thousands of consumers…"  (*Id.* ¶ 15).  Defendant used a different company, Vibes Media, LLC to send the text messages; Vibes Media, LLC worked at the direction, knowledge, and instruction of Defendant.  (*Id.* ¶ 16–17).  Plaintiff did not authorize, enroll in, or provide prior express consent for the automated text messages.  (*Id.* ¶¶ 19, 21, 22).

Plaintiff alleges that others were similarly affected by Defendant's actions and, thus, this matter should be certified as a class action.  (*Id.* ¶¶ 27–37).

Defendant moves to dismiss the case, arguing that the Court lacks subject matter jurisdiction because Plaintiff in fact consented to receiving the text messages, and Defendant only sent Plaintiff text messages in accordance with that agreement. (Def.'s Br. at 3–7, ECF No. 16).  Defendant also seeks to strike the class action from the case, arguing that each putative class member would require an individualized determination of whether or not he or she consented to the automated messages and, thus, is improper for a class action.  (*Id.* at 7–10).  If the Court denies Defendant's motions to dismiss and to strike, Defendant argues in the alternative for a stay, pending disposition of a District of Columbia Circuit case under the TCPA.  (*Id.* at 10–13).  These motions are presently before the Court.

## **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(1), a Defendant may move at any time to dismiss the Complaint for lack of subject matter jurisdiction on either facial or factual grounds. *Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).  In analyzing a facial challenge, a court "must consider only the allegations of the complaint and documents attached thereto, in

the light most favorable to the plaintiff." *Id.* (citing *Mortensen*, 549 F.2d at 891).  In considering a factual challenge, however, a court "may consider evidence outside of the pleadings." *Id.* (citing *Mortensen,* 549 F.2d at 891).  Regardless of the type of challenge, the plaintiff bears the "burden of proving that the court has subject matter jurisdiction." *Cottrell v. Heritages Dairy Stores, Inc.*, 2010 WL 3908567, at *2 (D.N.J. Sep. 30, 2010) (citing *Mortensen*, 549 F.2d at 891).

Federal Rule of Civil Procedure 8(a) requires a plaintiff in a federal action to set forth a "short and plain statement of the grounds upon which the court's jurisdiction depends." Fed. R. Civ. P. 8(a).  There are two traditional bases for subject matter jurisdiction in federal court: federal question jurisdiction and diversity jurisdiction. *City of Newark v. Lawson*, 346 F. App'x 761, 763 (3d Cir. 2009).  Federal question jurisdiction applies to those civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 389 (3d Cir. 2002).  This type of jurisdiction exists only if a federal question is presented on the face of the complaint. *Club Comanche, Inc. v. Gov't of V.I.*, 278 F.3d 250, 259 (3d Cir. 2002) (citation omitted).  Diversity jurisdiction applies to "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between [ ] citizens of different States." U.S.C. § 1332(a)(1).

Federal Rule of Civil Procedure 12(f) provides for a motion to strike and states, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

## ANALYSIS

### I. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Defendant presents a factual challenge to the Plaintiff's allegation of subject matter jurisdiction. Plaintiff alleges federal question jurisdiction because the case is brought for alleged violations of the TCPA, a federal law. The plaintiff bears the "burden of proving that the court has subject matter jurisdiction." *Cottrell*, 2010 WL 3908567, at *2 (citing *Mortensen*, 549 F.2d at 891).

Because Defendant brings a factual challenge, the Court "may consider evidence outside of the pleadings." *Gould Electronics*, 220 F.3d at 176 (citing *Mortensen,* 549 F.2d at 891). Specifically, the defendant may "present competing facts." *Hartig Drug Co. Inc. v. Senju Pharm. Co. Ltd.*, 836 F.3d 261, 268 (3d Cir. 2016). Defendant alleges that it sent an initial text message seeking Plaintiff's consent to receive marketing texts. (Def.'s Br. at 2, ECF No. 16). The initial text message stated, "Reply Y for recurring msgs from SYW alerts + instant offers. T&C: www.shcterm.com/mobile Consent isn't a condition of purchase. Msgs sent by automated tech." (*Id.*, citing Decl. of Cheryl Sanders, Ex. A at 1, ECF No. 16). Defendant only sends these opt-in messages in response to a specific request from a customer. (*Id.*). Plaintiff replied "Y" to the initial message and thereby consented to the automated text messages.

In his opposition, Plaintiff concedes he consented to receive Shop Your Way ("SYW") text messages from K-Mart, and he received those messages from December 1, 2014 through September 11, 2015. (Opp'n at 2, citing ECF No. 16-2, Ex. A, pp. 1–7). However, Plaintiff did not consent to receive messages from Sears stores, he was not a customer of Sears stores, and his consent to the K-Mart messaging program was insufficient to constitute consent to Sears stores' messages.

Defendant replies that Sears and K-Mart stores are both owned by Sears Holding Corporation and served by the Shop Your Way customer loyalty program.  Thus, Plaintiff consented to receive text messages about Sears sales.  (Reply at 1, ECF No. 25).

At issue is whether Plaintiff's consent to automated K-Mart text messages is sufficient to constitute consent to Sears store advertisements.  Both K-Mart and Sears stores are affiliates of Defendant, Sears Holding Corporation.  The Court notes that prior to the Complaint period, Plaintiff received messages that pertained solely to Sears stores and also received messages that pertained to both Sears and K-Mart; however, the majority of the messages pertained to K-Mart.

The Court finds that Plaintiff has sufficiently alleged federal question jurisdiction pursuant to the TCPA and Defendant's challenge based on Plaintiff's consent to automated messages from an affiliate store are insufficient to warrant dismissal for lack of jurisdiction.  The qualitative analysis required by this inquiry appears more suited to a 12(b)(6) challenge, or even a post-discovery motion, than the 12(b)(1) challenge which is brought here.  The Court is convinced that the extraordinary remedy of dismissal on factual challenge to Plaintiff's federal question jurisdiction is not warranted in this case.

Defendant also argues that Plaintiff lacks standing to bring a TCPA claim, because he has not alleged a claim under the TCPA, or an "injury-in-fact." This argument fails, because as stated above, Plaintiff has alleged that he has a claim under the TCPA and thus was injured under the statement of the law.

**II. Motion to Strike the Class**

Class actions have been certified in TCPA cases.  *See, e.g.*, *City Select Auto Sales, Inc. v. David/Randall Associates, Inc.*, 96 F. Supp. 3d 403, 414 (2015).  Defendant fails to present evidence that this case differs from other TCPA cases such that class action is inappropriate.

Therefore, the motion to strike will be denied at this stage and more properly may be addressed in a future motion to certify the class.

### III. Motion to Stay

The District of Columbia Circuit Court, while venerable, does not issue case law that is binding on this Court, nor is this Court convinced that the D.C. Circuit's case is sufficiently specific to the issues in the present matter to warrant a stay in this case. Therefore, the motion to stay this case will be denied.

### CONCLUSION

For the reasons above, Defendant's motions to dismiss, strike, and stay the present case will be denied. A corresponding order will follow.

**Dated:** *2/16/17*  */s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.