UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM HOOVER, *on his behalf and on behalf of all others similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> SEARS HOLDING CORPORATION, <br><br> Defendant. | Civ. No. 16-4520 <br><br> **OPINION** |

THOMPSON, U.S.D.J.

This matter comes before the Court upon the motion by Defendant Sears Holding Corporation[1] ("Defendant") to compel arbitration and to stay. (ECF No. 34). Plaintiff William Hoover ("Plaintiff") opposes. (ECF No. 40). The Court has issued the opinion below based upon the written submissions of the parties and without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, Defendant's motion to compel arbitration and to stay will be granted.

## BACKGROUND

This is an action brought pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"). Plaintiff's allegations, in brief, are as follows: Defendant "bombarded" Plaintiff's cellular telephone with approximately sixty-eight automated, promotional telemarketing text messages for Sears stores from October 4, 2015 to June 26, 2016 without Plaintiff's prior written consent. (Am. Compl. ¶¶ 2, 12, ECF No. 14). The text messages were "fully automated" and "not individualized to Plaintiff in any way." (*Id.* ¶ 15). Plaintiff did not

---

[1] Note, Sears Holding Corporation is distinct from Sear stores, which will be mentioned below.

1

authorize, enroll in, or provide prior express consent for the automated text messages. (*Id.* ¶¶ 19, 21, 22).

Defendant alleges that Plaintiff consented to "Shop Your Way" automated advertisement messages from K-Mart, and this authorized the Sears store messages, as they are related companies. (*See* Def.'s Br. 1–2, ECF No. 34-1).

Defendant moved to dismiss the case, strike the class allegations, or to stay. That motion was denied in its entirety on February 16, 2017. (ECF Nos. 26, 27). Defendant then moved to compel arbitration and to stay. (ECF No. 34). This motion is presently before the Court.

## **LEGAL STANDARD**

Where there is a contract between the parties that provides for arbitration, there is "an emphatic federal policy in favor of arbitral dispute resolution." *KPMG LLC v. Cocchi*, 565 U.S. ---, 132 S. Ct. 23, 25 (2011) (*per curiam*) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 631 (1985) (internal quotation marks omitted); *see* Federal Arbitration Act, 9 U.S.C. § 2. "Any doubt concerning the scope of arbitrability should be resolved in favor of arbitration." *Mitsubishi Motor Corp.*, 473 U.S. at 626 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983)); *see also Gray Holdco, Inc. v. Cassady*, 654 F.3d 444, 451 (3d Cir. 2011). When a party refuses to submit to arbitration pursuant to a valid contract provision, the party seeking to arbitrate may petition a court for an order compelling arbitration. 9 U.S.C. § 4.

In order for this presumption in favor of arbitration to apply, there must be a valid contract between the parties. The Court must find that "(1) there is an agreement to arbitrate and (2) the dispute at issue falls within the scope of that agreement." *Century Indem. Co. v. Certain Underwriters at Lloyd's, London*, 584 F.3d 513, 523 (3d Cir. 2009).

2

# ANALYSIS

The Court first addresses whether there is an agreement to arbitrate.

Defendant alleges that Plaintiff entered into a contract with Defendant at a K-Mart store to receive Shop Your Way text messages; that contract included an agreement to arbitrate and the dispute in this case falls within that agreement.

Plaintiff argues first that the agreement was an illusory contract and therefore unenforceable and second that there was no reasonable notice and therefore no mutual assent to the arbitration clause.

The Membership Terms and Conditions for Shop Your Way Program clearly include issues relating to automated text messages from both K-Mart and Sears stores. Therefore, this dispute would fall within the arbitration clause, if the clause applies, and Plaintiff does not dispute that.

The issue then is whether there was an agreement to arbitrate, specifically, whether Plaintiff received sufficient notice of the arbitration provision to be bound by it now.

Arbitration agreements may be found unenforceable "upon such grounds as exist at law or in equity for the revocation of any contract." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (citing 9 U.S.C.A. § 2).

Defendant avers that Illinois law governs this question; Plaintiff argues New Jersey law applies. A federal district court sitting in diversity applies "the conflicts of law principles of the forum state." *See Klaxon v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); *Maniscalco v. Brother Int'l (USA) Corp.*, 709 F.3d 202, 206 (3d Cir. 2013). This Court therefore applies New Jersey's two-part "most significant relationship" test. *Maniscalco*, 709 F.3d at 206 (citing *P.V. ex rel. T.V. v. Camp Jaycee*, 962 A.2d 453, 459–60 (N.J. 2008)). In the first step, the Court must

determine whether an "actual conflict" exists "by examining the substance of the potentially applicable laws" with an eye towards whether a "distinction" exists between them. *Id.* (citing *Lebegern v. Forman*, 471 F.3d 424, 428–30 (3d Cir. 2006); *Camp Jaycee*, 962 A.2d at 460). In the absence of an actual conflict, the Court applies New Jersey law, and does not reach the second question. *Lebegern*, 471 F.3d at 428.

There is no actual conflict between Illinois and New Jersey contract formation law. *Compare Weichert Co. Realtors v. Ryan*, 608 A.2d 280, 284 (N.J. 1992) ("A contract arises from offer and acceptance, and must be sufficiently definite that the performance to be rendered by each party can be ascertained with reasonable certainty. Thus, if parties agree on essential terms and manifest an intention to be bound by those terms, they have created an enforceable contract.") (internal citations omitted) *with Duldulao v. St. Mary of Nazareth Hosp. Ctr.*, 505 N.E.2d 314, 318 (Ill. 1987) (applying the "traditional requirements for contract formation: offer, acceptance, and consideration"). Therefore, New Jersey law will be applied to the formation of contract issue.

It is undisputed that Plaintiff signed up for Shop Your Way text messages at a K-Mart store via pin pad. The pin pad sign up screen stated, "I agree to get SYWR text messages 10msgs/mo + confirmation of opt out. I asked for/agree to SYWR Terms. Msg+Data rates may apply. CONFIRM YOUR MOBILE #." Plaintiff selected, "YES I agree and # is correct."

Defendant presented a clear offer, which explicitly and succinctly included terms by reference. Plaintiff clearly had the opportunity to obtain the terms, and had notice that he was agreeing to terms, if he chose not to read them. Plaintiff accepted the contract terms and the included arbitration clause. "Once there is reasonable notice, a party is bound by those terms, even if he failed to read them." *Noble v. Samsung Elecs. Am., Inc.*, 2017 WL 838269, at *3 (3d

Cir. Mar. 3, 2017) (discussing New Jersey Appellate Division cases). Contractual terms must be "reasonably conspicuous" in order to be binding. *Id.* The arbitration provision was on page eleven of twelve of the Terms and Conditions, but "Confidential Arbitration" is a separate subtitle clearly indicated in bold font, and the waiver of a right to trial is in bold and all caps. This constitutes reasonable notice. An arbitration agreement exists and the parties are bound by it.

Plaintiff's other arguments are unavailing.

## **CONCLUSION**

For the reasons above, Defendant's motion to compel and to stay will be granted. A corresponding order will follow.

**Dated:**  *6/13/17*  　　　　　　　　　　　　　　　*/s/ Anne E. Thompson*
　　　　　　　　　　　　　　　　　　　　　　　　ANNE E. THOMPSON, U.S.D.J.