RECEIVED
SEP 0 7 2017
AT 8:30_____ M
WILLIAM T. WALSH
CLERK

NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

WILLIAM HOOVER, *on his behalf and on behalf of all others similarly situated*,

Plaintiff,

v.

SEARS HOLDING CORPORATION,

Defendant.

Civ. No. 16-4520

OPINION

THOMPSON, U.S.D.J.

This matter comes before the Court upon the motion by Plaintiff William Hoover ("Plaintiff") for reconsideration (ECF No. 45) of this Court's Opinion and Order granting the motion to compel and to stay (ECF Nos. 43, 44). Defendant Sears Holding Corporation[1] ("Defendant") opposes. (ECF No. 48). The Court has issued the opinion below based upon the written submissions of the parties and without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, Plaintiff's motion for reconsideration will be denied.

## BACKGROUND

This is an action brought pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"). Plaintiff's allegations, in brief, are as follows: Defendant "bombarded" Plaintiff's cellular telephone with approximately sixty-eight automated, promotional telemarketing text messages for Sears stores between October 4, 2015 and June 26, 2016, without Plaintiff's prior written consent. (Am. Compl. ¶¶ 2, 12, ECF No. 14). The text messages were "fully automated" and "not individualized to Plaintiff in any way." (*Id.* ¶ 15).

---

[1] Note, Sears Holding Corporation is distinct from Sear stores.

1

Plaintiff did not authorize, enroll in, or provide prior express consent for the automated text messages. (*Id.* ¶¶ 19, 21, 22).

Defendant alleges that Plaintiff consented to "Shop Your Way" automated advertisement messages from K-Mart, and this authorized the Sears store messages, as they are related companies. (*See* Def.'s Br. 1–2, ECF No. 34-1).

It is undisputed that Plaintiff signed up for Shop Your Way text messages at a K-Mart store via pin pad. The pin pad sign up screen stated, "I agree to get SYWR text messages 10msgs/mo + confirmation of opt out. I asked for/agree to SYWR Terms. Msg+Data rates may apply. CONFIRM YOUR MOBILE #." Plaintiff selected, "YES I agree and # is correct."

Defendant moved to dismiss the case, strike the class allegations, or to stay. That motion was denied in its entirety on February 16, 2017. (ECF Nos. 26, 27). Defendant then moved to compel arbitration and to stay. That motion was granted on June 14, 2017. (ECF Nos. 43, 44). Plaintiff has moved for reconsideration of that opinion and order. (ECF No. 45). That motion is presently before the Court.

## **LEGAL STANDARD**

Reconsideration is an extraordinary remedy that is to be granted "very sparingly." *Friedman v. Bank of Am., N.A.*, No. 09-2214, 2012 WL 3146875, at *2 (D.N.J. Aug. 1, 2012). Pursuant to Federal Rule of Civil Procedure 59(e) and Local Civil Rule 7.1, a motion for reconsideration may be based on one of three separate grounds: (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) to correct a clear error of law or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

A motion for reconsideration is not an opportunity to ask the Court to rethink what it has already thought through. *See Oritani S & L v. Fidelity & Deposit*, 744 F. Supp. 1311, 1314 (D.N.J. 1990). Rather, a motion for reconsideration may be granted only if there is a dispositive factual or legal matter that was presented but not considered that would have reasonably resulted in a different conclusion by the court. *See Champion Labs., Inc. v. Metex Corp.*, 677 F. Supp. 2d 748, 750 (D.N.J. 2010). Mere disagreement with a court's decision should be raised through the appellate process and is inappropriate on a motion for reconsideration. *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

Furthermore, the fact that a legal issue was not explicitly mentioned by the court does not preclude a finding that it was not overlooked in the court's initial consideration of the matter. *Ashton v. AT&T Corp.*, 2006 WL 6909588, at *2 (D.N.J. Feb. 2, 2006) ("An argument is not deemed overlooked because it is not specifically addressed in a court's opinion."). Rather, "[a]n argument may be regarded as having been considered if it is presented to the court in written submissions and in oral argument." *U.S. ex rel. Simpson v. Bayer Corp.*, 2015 WL 3618295, at *2 (D.N.J. June 9, 2015); *see also Eichorn v. AT & T Corp.*, 1999 WL 33471890 (D.N.J. Aug. 23, 1999).

## ANALYSIS

Plaintiff moves for reconsideration based upon an alleged clear error of law and to prevent manifest injustice. (Pl.'s Br. at 1, ECF. No. 45). Plaintiff argues that the Court mischaracterized his argument that the agreement to arbitrate was illusory and unenforceable, and, therefore, the Court committed a clear error of law. "Plaintiff is not arguing that the arbitration clause is invalid because the broader agreement contains an unlawful clause which would make an agreement illegal or that the entire agreement was created through fraud.

3

Instead, Plaintiff is arguing that, by the express terms of the [Shop Your Way Terms and Conditions][2], the arbitration clause itself is illusory." (*Id.* at 3). Plaintiff argues that because the Terms and Conditions permit Defendant to unilaterally alter the Program and Terms and Conditions, and the arbitration clause is included within that, the arbitration clause could be unilaterally cancelled by Defendant and is therefore illusory and unenforceable. (*Id.*).

In his original opposition to the motion to compel, Plaintiff argued, "Because Sears retained the right to modify the [Membership Terms and Conditions for the Shop Your Way Program] at any time, for any reason, without consent or notice, it is an illusory contract with no mutual obligation between the parties and is, therefore, unenforceable." (ECF No. 40, at 8). "Therefore, the arbitration provision is based on an illusory promise, unenforceable, and Defendant's motion should be denied." (*Id.* at 11).

In his motion for reconsideration, Plaintiff simply restates his prior argument, which the Court already considered and found unavailing. Plaintiff attempts to narrow the Court's focus, arguing that he argued specifically that the agreement to arbitrate was illusory, not the contract as a whole. However, the Court has already considered this issue and rejected Plaintiff's arguments. (*See* ECF Nos. 43, 44).

Even if the Court reconsidered Plaintiff's argument, "as a matter of substantive federal arbitration law, an arbitration provision is severable from the remainder of the contract... [and] unless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445–46 (2006). "Generally, courts should seek to enforce contracts and avoid deeming

---

[2] Plaintiff uses the acronym "MTCSYW" throughout his brief, but does not define it. The Court has assumed that this refers to the Membership Terms and Conditions for the Shop Your Way Program, based upon Plaintiff's Opposition Brief to the original motion to compel (ECF No. 40).

4

them illusory." *Del Sontro v. Cendant Corp.*, 223 F. Supp. 2d 563, 577–78 (D.N.J. 2002) (citing *Russell v. Princeton Labs. Inc.*, 50 N.J. 30, 38 (N.J. 1967)).

At no point does Plaintiff argue that the clause that allows Defendant to alter the Terms and Conditions is within the arbitration provision itself, or that the arbitration clause is not severable from the rest of the contract, if indeed the contract is illusory. The unilateral change provision that Plaintiff complains of appears to pertain only to the rewards program's point system and administration, not to the arbitration provision or other parts of the contract. (Decl. Laura Novak, Ex. B, ECF No. 34-2 at 15, ¶ 2). Therefore, the arbitration provision appears to be severable and non-illusory, and any issue with the contract's validity should be considered by the arbitrator. *See Buckeye*, 546 U.S. at 445–46.

Plaintiff has not shown a dispositive factual or legal matter that was presented but not considered that would have reasonably resulted in a different conclusion by the court.

## CONCLUSION

For the reasons above, Plaintiff's motion for reconsideration will be denied. A corresponding order will follow.

**Dated:**

_Anne E. Thompson_
ANNE E. THOMPSON, U.S.D.J.

5